IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEMARCUS C. JACKSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 1:21-00352-JB-B |
| CONTINENTAL MOTORS AEROSPACE TECHNOLOGIES, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on Defendant, Continental Motors Aerospace Technologies' Motion for Summary Judgment and supporting brief. (Docs. 44 and 45). Plaintiff, who is *pro se*, filed a Response in opposition. (Doc. 52). The Court conducted a hearing on the Motion at which Plaintiff and Defendant's counsel appeared and argued. This matter is ripe for resolution. Upon due consideration, and based on the reasons stated herein and on the record of the hearing, the Court finds Plaintiff's evidence and arguments to be wholly inadequate to overcome Defendant's Motion for Summary Judgment. The Motion is due to be **GRANTED**.

Defendant terminated Plaintiff's employment for the stated reason of Plaintiff's physical and/or verbal aggression, disorderly conduct, and other inappropriate behavior during an altercation at Defendant's premises on November 20, 2020. Plaintiff filed this action on August 10, 2021, pursuant to Title VII, asserting claims for harassment, retaliation, sex, and race discrimination. (Doc. 1). The claims for harassment, retaliation, and sex discrimination were dismissed based on Plaintiff's failure to include them in the underlying EEOC charge. (Doc. 29). Defendant's Motion is directed at Plaintiff's sole remaining claim for race discrimination.

1

Plaintiff has no direct evidence of race discrimination. Defendant, in its Motion, argues Plaintiff cannot produce sufficient circumstantial evidence of race discrimination to state a *prima facie* case under *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). In particular, Defendant argues Plaintiff cannot point to any comparator who is similarly situated to Plaintiff in all material respects. Based on the briefs and filings of the parties, as well as Plaintiff's additional proffers at the hearing, the Court agrees.[1]

Based again on the record and the parties' presentations at the hearing, the Court alternatively concludes that even if Plaintiff could state a *prima facie* case, Defendant's Motion is due to be granted because Defendant articulated a legitimate, non-discriminatory reason for Plaintiff's termination and Plaintiff has failed to demonstrate that the reason is pretextual for illegal race discrimination.

In conclusion, based on the reasons stated in the record of the hearing and all material filings of the parties, Defendant's Motion for Summary Judgment (Doc. 44) is **GRANTED**.

**DONE and ORDERED** this 30th day of December, 2022.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff states he was told by an un-named Union official that an un-named white employee began doing work he did prior to his termination. However, Plaintiff affirmatively established at his deposition, and confirmed at the hearing before this Court, that he has no first-hand knowledge of this or any other evidence sufficient for purposes of a *prima facie* case.